**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

 v.              **Case No. 07-C-383**
                **(Criminal Case No.**
                 **05-CR-90)**

**WILLIAM STAPLES also know as**
**ROBIN BOOKER,**

    **Movant.**

---

## DECISION AND ORDER

---

This matter is before the Court on the pro se motion of movant William Staples ("Staples") under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.[1] Liberally construed, Staples contends that his court-appointed trial counsel provided ineffective representation because counsel did not: (1) investigate and obtain evidence that "in all likelihood" Staples's civil rights were restored on his 1976, 1977 and 1979 state convictions; (2) object to the sentence, even after the Court indicated that Staples had not undergone a psychiatric evaluation; (3) object to the Court assigning five more criminal history points than

---

[1] On March 22, 2005, a federal grand jury in this District returned a six-count indictment against Staples. On May 23, 2005, Staples entered into a plea agreement. On March 31, 2005, before this Court, Staples entered a guilty plea to one count of wire fraud in violation of 18 U.S.C. § 1343 (Count One) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(g) (Count Five) of the indictment.

  On October 6, 2005, this Court conducted a sentencing hearing. Staples was sentenced to 200-months of incarceration on Counts 1 and 5, to be served concurrently, followed supervised release (a three-year term on Count 1 and a five-term on Count 5 to be served concurrently).

necessary; or, (4) object to the Court imposing a 200-month sentence – which was in excess of the government's recommended 180-month sentence.

Staples's motion is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A district court may dismiss a § 2255 motion without holding a hearing or requiring the government to respond if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Gallo-Vasquez v. United States*, 402 F.3d 793, 797 (7th Cir. 2005) (quoting 28 U.S.C. § 2255 ¶ 2.) "If it plainly appears from the face of the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief in the district court, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings. *See also Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006).

Section 2255 of Title 28 of the United States Code authorizes a federal prisoner to ask the court which sentenced him to vacate, set aside, or correct his sentence, if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law" Staples's contentions state an arguable claim for relief under § 2255.

Therefore, the Court will require the plaintiff, United States of America, to file an answer to Staples's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.

The answer shall conform to the requirements of Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The Court notes that by letter dated June 12, 2007, Staples requests an evidentiary hearing on his ineffective assistance of counsel claim. Such requests are addressed by Rule 8 of the Rules Governing Section 2255 Proceedings for United States District Courts. After the answer has been filed, the Court will consider whether an evidentiary hearing is warranted. *See* Rule 8 of the Rules Governing Section 2255 Proceedings.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. On or before **July 20, 2007**, the plaintiff United States of America **SHALL FILE** an answer to Staples's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.

2. The answer **SHALL** conform to the requirements of Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Dated at Milwaukee, Wisconsin this 19th day of June, 2007.

                                          **BY THE COURT**

                                          s/ Rudolph T. Randa
                                          **Hon. Rudolph T. Randa**
                                          **Chief Judge**