# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        **Plaintiff,**

                                    **Case No. 07-C-383**

    **v.**                                **(Criminal Case No.**
                                             **05-CR-90)**

WILLIAM STAPLES also know as
ROBIN BOOKER,

        **Movant.**

---

# DECISION AND ORDER

---

        Movant William Staples ("Staples") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  In its Decision and Order on initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the District Courts, this Court construed Staples's motion as asserting a claim of ineffective assistance of his court-appointed trial counsel based on his contentions that counsel did not:  (1) investigate and obtain evidence that "in all likelihood" Staples's civil rights were restored on his 1976, 1977, and 1979 state convictions; (2) object to the sentence, after the Court indicated that Staples had not undergone a psychiatric evaluation; (3) object to the Court assigning five more criminal history points than necessary; or, (4) object to the Court imposing a 200-month sentence  –  which was in excess of the government's recommended 180-month sentence.  The Court directed the government to file an answer.

The government filed a response to the motion, attached copies of the State of Wisconsin Department of Corrections ("DOC") Discharge Certificates relative to Staples's convictions, and indicated that the certificates were obtained by defense counsel. Staples filed a response to the government's response and an amended response. In his amended response, Staples asserts that he has now obtained the necessary samples which he states show in all probability that his civil rights to bear firearms were restored after he was discharged from his 1976, 1977, and 1979 State of Wisconsin convictions. He requests that the Court resentence him without using those convictions. The Court construes the amended response as a request by Staples to amend his § 2255 motion.

Having reviewed the entire file in this matter, on April 25, 2008, the Court issued a Decision and Order directing that defense counsel file a response to Staples's petition for relief under 28 U.S.C. § 2255 as to her investigation of the discharge certificates from Staples's 1976, 1977, 1979, state felony convictions prior to Staples's sentencing and the results of that investigation. Defense counsel filed an affidavit. Thereafter, Staples filed a motion to destroy documents. The government filed a response to that motion.

Staples's request to amend; his motion to destroy documents; his request for an evidentiary hearing; and his motion to vacate, set aside or correct sentence are ready for resolution and are addressed in this Decision and Order.

## *BACKGROUND*

On March 22, 2005, a federal grand jury in this District returned a six-count indictment against Staples. On May 23, 2005, Staples entered into a plea agreement. On

March 31, 2005, before this Court, Staples entered a guilty plea to wire fraud in violation of 18 U.S.C. § 1343 (Count One) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(g) (Count Five) of the indictment.

On October 6, 2005, this Court conducted a sentencing hearing. Applying the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the Court sentenced Staples to 200-months of incarceration on Counts One and Five, to be served concurrently, followed by a period of supervised release (a three-year term on Count One and a five-year term on Count Five, to be served concurrently).

Staples appealed, pro se. His arguments presented four reasons why this Court erroneously sentenced him as an armed career criminal, and contended that this Court made several mistakes in calculating his criminal history score. *See United States v. Staples*, No. 05-4037, 2007 WL 1140286, *1-*2 (7th Cir. April 18, 2007). Staples also maintained that trial counsel was ineffective because she "only reluctantly adopted" his pro se objections, instead of raising them on her own. *Staples*, No. 05-4037, 2007 WL 1140286, *2. The court of appeals affirmed Staples's conviction and sentence in an unpublished disposition. *Staples*, No. 05-4037, 2007 WL 1140286, *2.

### *AMENDMENT OF MOTION*

The rules governing § 2255 motions do not address amendments to those motions for collateral review. *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999). Therefore, proposed amendments to § 2255 motions are governed by Rule 15(a) of the Federal Rules of Civil Procedure. *Id.*

3

Under Rule 15(a), a court may permit the amendment of pleadings even after a defendant's absolute right to amend has lapsed, "freely . . . when justice requires." *Id*. The AEDPA allows a prisoner a full opportunity to seek collateral review, which means that "[a] prisoner receives one complete round of litigation, which as in other civil suits includes the opportunity to amend a pleading before judgment." *Id*. Under Rule 15, a court may deny the amendment due to undue delay, bad faith, dilatory motive, prejudice or futility. *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002).

Staples proffers four sample discharge certificates that he states demonstrate that in all probability his civil rights to bear firearms was restored after discharge from his 1976, 1977, and 1979 State of Wisconsin convictions. (Am. Petr.'s Resp., Attach.) The sample discharge certificates issued on April 16, 1976, and January 31, 1977, state: "Any civil rights lost as result of such judgments of conviction are restored by virtue of this discharge, under the provisions of section 57.078 of the Statutes of the State of Wisconsin." (Am. Petr.'s Resp., Attach.) The sample discharge certificates issued on June 28, 1976, and February 9, 1979, state: "Any civil rights lost as result of conviction herein described, are restored by virtue of this discharge, under the provisions of section 57.078 of the Statutes of the State of Wisconsin." (Am. Petr.'s Resp., Attach.)

In presenting these certificates, Staples is implicitly relying upon *United States v. Vitrano*, 405 F.3d 506, 510 (7th Cir. 2005), which addressed the application of the ACCA. The statutory scheme as summarized in *Vitrano*, 405 F.3d at 510, provides:

> A person who violates § 922(g) and who has at least three prior convictions for a violent felony, committed on separate occasions,

4

is subject to an enhanced sentence under 18 U.S.C. § 924(e)(1).
A "violent felony" is a crime that, among other things, is
"punishable by imprisonment for a term exceeding one year."

18 U.S.C. § 924(e)(2)(B). Section 921(a)(20) excludes certain convictions for purposes of

§ 924(e)(1):

> What constitutes a conviction of such a crime shall be determined
> in accordance with the law of the jurisdiction in which the
> proceedings were held. Any conviction which has been
> expunged, or set aside or for which a person has been pardoned
> or has had civil rights restored shall not be considered a
> conviction for purposes of this chapter, unless such pardon,
> expungement, or restoration of civil rights expressly provides that
> the person may not ship, transport, possess, or receive firearms.

*Vitrano*, 405 F.3d at 510 (quoting 18 U.S.C. § 921(a)(20)). The Government has the burden

of establishing three prior felonies. *Vitrano*, 405 F.3d at 510 (citing *Hill v. United States*, 118

F.Supp. 2d 910, 914 n.4 (E.D. Wis. 2000)). Upon that showing, the defendant must prove by

a preponderance of the evidence that a conviction cannot be used under § 924(e)(1). *Id*.

The first sentence of § 921(a)(20) directs courts to look at state law to determine

whether a defendant is deemed convicted. *Vitrano*, 405 F.3d at 510 (citing *United States v.*

*Erwin*, 902 F.2d 510, 512 (7th Cir. 1990)). The notice requirement contained in the second

sentence of § 921(a)(20) is the "anti-mousetrapping provision." *Id*.

The *Vitrano* court reviewed its prior decisions in *Erwin*, *Dahler v. United States*,

143 F.3d 1084, 1086, 1088 (7th Cir. 1998), and *United States v. Gillaum*, 372 F.3d 848 (7th

Cir. 2004), addressing the notice provision of § 921(a)(20), noting that:

> If the state sends the felon a piece of paper implying that he is no
> longer "convicted" and that all civil rights have been restored, a
> reservation in a corner of the state's penal code can not [sic] be

5

the basis of a federal prosecution. A state must tell the felon point blank that weapons are not kosher. The final sentence of § 921(a)(20) cannot logically mean that the state may dole out an apparently-unconditional restoration of rights yet be silent so long as any musty statute withholds the right to carry guns. Then the state would never have to say a peep about guns; the statute would self-destruct. It must mean, therefore, that the state sometimes must tell the felon that under state law he is not entitled to carry guns . . . . When, however, the state sends no document granting pardon or restoring rights, there is no potential for deception, and the question becomes whether the particular civil right to carry guns has been restored by law.

*Vitrano*, 405 F.3d at 510 (quoting *Erwin*, 902 F.2d at 512-13). The *Vitrano* court stated that: "Read as a whole, . . . these cases are best understood as establishing the principle that a state may not employ language in discharging a prisoner that will lull the individual into the misapprehension that civil rights have been restored to the degree that will permit him to possess firearms. If a state does use language that creates such a false sense of security, that conviction may not be used to justify an enhanced sentence under 18 U.S.C. § 924(e)." 405 F.3d at 510.

In *Vitrano*, the government conceded that a discharge certificate stating that "[a]ny civil rights lost as a result of such judgments of conviction are restored by virtue of this discharge," would permit Vitrano to prevail because such language indicates a full restoration of all civil rights unless accompanied by an express prohibition on the use of firearms. *Id*. (citing *Dahler*, 143 F.3d at 1086-88). However, because Vitrano could not show by a preponderance of the evidence that he received a discharge certificate whose language might be read reasonably to restore all of his civil rights, such that he would be misled if not

informed that firearms were prohibited, the appeals court held that § 921(a)(20) was not implicated. *Vitrano*, 405 F.3d at 510.

The sample certificates proffered by Staples contain language similar to that which the government conceded in *Vitrano* indicated a full restoration of civil rights. However, there is no indication that Staples is likely to have received discharge certificates similar to the sample certificates. Staples was discharged from his 1976 conviction on May 1, 1994, and from his 1977 and 1979 convictions on June 1, 1994. (*See* Presentence Report, 11-13.) The sample discharge certificates Staples proffers were issued more than a decade earlier.

Moreover, the discharge certificates obtained by Staples's counsel specify "civil rights that are not restored to felon: 1. firearms may not be used or possessed unless a pardon is received from the governor which does not restrict possession of firearms." (Government's Resp., Attach. 1, 3; Joseph Aff. ¶¶ 3-4, Attach.) The first of those certificates was effective June 1, 1994.[1] (*Id.*)

Staples's proposed amendment of his § 2255 motion is futile. Therefore, Staples's request to amend his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is denied.

---

[1]Page two of the government's attachment relates to Staples's October 16, 1998, discharge from state probation for his November 15, 1996, state battery conviction. (Government's Resp., Attach. 2.) Page three of the attachment relates to Staples's March 29, 2002, discharge from his November 14, 1999, state conviction for possession with intent to distribute cocaine. (Government's Resp., Attach. 3.)

### *MOTION TO DESTROY DOCUMENT*

Staples requests that the discharge certificates that defense counsel obtained be removed from the file, destroyed, and that any reference to them be "ignored." Staples relies upon interrogatory responses of Matthew Frank ("Frank"), the current DOC Secretary, in *Staples v. Frank*, Case Number 07-CV-4175, in the Circuit Court for Dane County, Wisconsin. (Mot. Destroy Doc., Attach.)[2] Those responses indicate that on June 1, 1994, the DOC Secretary was Michael Sullivan. (*Id*.) Furthermore, with regard to the discharge certificate dated May 16, 2005, bearing Staples's name, upon information and belief, the DOC Secretary does not personally sign discharge certificates and that such signatures "may" be prepared electronically.[3] (*Id*.) Frank also indicates that it is possible that the May 2005, discharge certificate was provided by a records coordinator but the DOC has no records pertaining to the provision of the certificate. (*Id*.) Staples asserts that Frank's response to the interrogatories establish that the discharge certificate was fraudulent.

The Court has considered carefully the information Staples relies upon and concludes that Staples has not established that challenged discharge certificates are fraudulent. As Secretary of the DOC, Frank may properly provide official DOC records and those of a predecessor in that office. *See generally*, *State v. Keith*, 573 N.W.2d 888, 895-96

---

[2]The filing does not include page 3 of Frank's response to the interrogatories. As a result, part of Frank's response to interrogatory number 5, and interrogatory numbers 6 and 7 and any responses to them, are not included in the interrogatory responses filed with this Court.

[3]The challenged discharge certificates include a signature line and bear handwritten signatures "Matthew J. Frank." (Joseph Aff., Attach. 2-3.) The final page of Frank's responses to Staples's interrogatories is signed "Matthew Frank." (Mot. Destroy Doc. 6 [numbered 4].) The signature on the final page of interrogatory responses is not the same or similar to those on the discharge certificates.

(Wis. Ct. App. 1997).  *See also*, Wis. Stat. §§ 19.21(1); 19.32(1); & 19.33(4).  Therefore, Staples's motion to destroy documents is denied.

## *EVIDENTIARY HEARING*

With respect to Staples's request for a hearing, a "district court need not grant an evidentiary hearing in all § 2255 cases."  *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir.) (citation omitted), *cert. denied*, ___ U.S. ___, 127 S.Ct. 2988 (2007).  "Such a hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  *Id.*  Furthermore, mere speculation does not warrant relief or even an evidentiary hearing.  *Galbraith v. United States*, 313 F.3d 1001, 1009-10 (7th Cir. 2002) (in order to show need for evidentiary hearing, § 2255 movant must file a detailed and specific affidavit showing he has actual proof of allegations he is making).  *See also*, *Gallo-Vasquez v. United States*,  402 F.3d 793, 797-98 (7th Cir. 2005).  ("[A] hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations."  *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995).  Additionally, "[t]he district court is entitled to consider all the circumstances in the record in determining whether a hearing should be afforded."  *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989) (quoting *Day v. United States*, 357 F.2d 907, 910 (7th Cir. 1966)).

With his response, Staples attached an affidavit describing a conversation he had with his court-appointed counsel regarding the applicability of the ACCA to him.  Counsel told him that the government could not enhance his sentence under the ACCA if his civil rights were restored on his 1976, 1977, and 1979 state convictions.  (Staples Aff. ¶ 2.)  Staples

9

told "counsel that his civil rights on all three state convictions were restored, but I could f [sic] prove it when I cannot locate my discharged [sic] papers." (Staples Aff. ¶ 3.) Counsel said that she would contact "the state parole or DOC and see if they have a copy and in fact she contacted them and they sent her a discharge document." (Staples Aff. ¶ 4.)

Staples avers that when counsel showed him a copy of the document she had received he "immediately informed her" that was not the same document he had received from the DOC or parole division as his discharge paper and that the document that he had received "stated nothing that was on the document that they sent her." (Staples Aff. ¶ 5.) Staples also told counsel that the document she had received was dated May 16, 2005, he was discharged in 1994, and that the DOC must have failed to retain his discharge papers. (Staples Aff. ¶ 6.) Staples asked counsel how he could obtain the discharge papers that he originally received and counsel informed him that she knew where to obtain another sample. (Staples Aff. ¶ ¶ 6-7.)

Staples's affidavit indicates that his attorney investigated whether Staples's civil rights had been restored and that the discharge certificates she obtained did not support Staples's claims that his right to bear firearms had been restored. Staples's conclusory averment, that the wording of the discharge certificates obtained by defense counsel was unlike the wording of the certificates he received, does not include any specific factual allegations about the differences between the certificates. Staples's contention that further investigation of the three prior state convictions was warranted is speculative.

With respect to his three other contentions regarding ineffective assistance of counsel, Staples has not presented any factual material. Staples has not made the requisite

factual showing for an evidentiary hearing. *See Galbraith*, 313 F.3d at 1009. Moreover, as will be explained in this Decision and Order, the record and materials before the Court conclusively show that Staples is not entitled to relief. *Almonacid*, 476 F.3d at 521. Therefore, his request for an evidentiary hearing is denied.

### SECTION 2255 MOTION

Relief under § 2255 is "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid*, 476 F.3d at 521. The familiar two-pronged test outlined by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), is used to evaluate the effectiveness of counsel. *See Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008). To establish ineffectiveness, Staples must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced him. *Id*. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 690. If Staples fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See Strickland*, 466 U.S. at 697.

Although Staples has raised several contentions in support of his claim that his attorney was ineffective:

> [I]neffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed. Counsel's work must be assessed as a whole; it is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief.

11

*Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005) (citing *Bell v. Cone*, 535 U.S. 685, 697 (2002); *Strickland*, 466 U.S. 668, 690 (1984); *Holman v. Gilmore*, 126 F.3d 876, 881-84 (7th Cir. 1997)).  Thus, although the Court addresses Staples's contentions separately,  it is trial counsel's performance as a whole that must be judged.  *See Peoples*, 403 F.3d at 848. Because Staples's ineffective assistance of counsel claim relates to sentencing, Staples must show that there is a reasonable probability that, but for the deficient performance of his attorney, Staples's sentence would have been more favorable.  *See Suggs*, 513 F.3d at 680. *See also*, *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005).

*Investigation of Restoration of Civil Rights*

Staples claims that his attorney was ineffective because she failed to investigate and obtain evidence that "in all likelihood" Staples's civil rights were restored following his discharge from his 1976, 1977, and 1979 state convictions.  However, Staples's affidavit demonstrates that his attorney did investigate whether Staples's civil rights had been restored. The results of her investigation did not substantiate Staples's claim that his right to bear firearms had been restored.

Furthermore, in response to the Court's April 25, 2008, Decision and Order, defense counsel filed an affidavit indicating that, after gathering the judgments from the relevant cases, she asked her investigator to contact the DOC to request any discharge certificates relevant to Staples.  (Joseph Aff. ¶ 3.)  In response, counsel received a four-page fax from the DOC.  (Joseph Aff. ¶ 4.)  Page two of the fax states that effective June 1, 1994, Staples was discharged absolutely, but the lower portion of the document states that his right

to possess firearms was not restored. (Joseph Aff. ¶ 4.) Counsel's understanding, from the information provided by the DOC, was that the discharge certificate relates to Staples's "1975, 1977, and 1978 convictions."[4] (Joseph Aff. ¶ 4.)

Page four of the fax is a discharge certificate stating that effective March 29, 2002, Staples was discharged absolutely – this certificate also states that Staples's right to possess a firearm was not restored. (Joseph Aff. ¶ 4.) Based on the information provided by the DOC, counsel understood that the 2002 certificate relates to Staples's 1999 conviction. (Joseph Aff. ¶ 4.)

Staples's conclusory averment that the content of the discharge certificate that he received was different from those provided to defense counsel does not demonstrate that counsel's investigation of the restoration of his civil rights was deficient. Thus, with respect to this contention, Staples has failed to establish the first prong of the *Strickland* test. *See Strickland*, 466 U.S. at 689-90. Therefore, Staples cannot rely upon this conduct in support of his ineffective assistance of counsel claim.

*Psychiatric Evaluation*

Staples also claims that his attorney was ineffective because she did not object to his sentence after the Court "ordered" that Staples undergo a mental, emotional, and psychiatric evaluation. Staples states that once the Court directed such an evaluation, his attorney had the responsibility to object to the 200-month sentence and to request a

---

[4]The year 1975 and 1978 are apparently typographical errors. (*Compare* Joseph Aff. ¶ 1 and ¶ 4.)

postponement or a stay of the sentence until the examination was conducted. Staples relies upon 18 U.S.C. § 4241(b). Staple argues that an examination could have resulted in a finding of diminished capacity which would have been an encouraged ground for downward departure under section 5K2.13 of the United States Sentencing Guidelines.

Section 4241 relates to situations where a defendant, the government, or the Court has reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a). However, the existence of a mental disease or defect within the scope of § 4241(a) is neither established by the record nor reasonably inferred from the Court's evaluation request.

During his presentence report interview, Staples denied having a history of any mental health or emotional problems. (Presentence Report, 22.) The presentence report notes that prior to his initial appearance Staples mentioned an attempt, in 1973, by three members of Staples's family to have him placed in a mental health hospital. (Presentence Report, 23.) Staples was unable to describe his behaviors of 1973, stating only that he believed he had an anger management problem. (Presentence Report, 23.) Staples also reported undergoing psychological evaluation as part of the process of entering a Department of Vocational Rehabilitation program but he could not recall if any mental health or emotional problem was diagnosed. (Presentence Report, 23.) The Milwaukee County Mental Health Center was also

unable to locate any record of Staples ever undergoing any form of assessment or treatment. (Presentence Report, 23.)

At Staples's May 31, 2005, plea hearing, the Court questioned Staples about the 1973 petition for mental health treatment and Staples indicated that he had not undergone any psychological or psychiatric treatment since that time and was not currently undergoing any such treatment. (Plea Tr. 4.) Staples participated in the plea hearing responding appropriately to all of the Court's questions. (Plea Tr. 1-10.) The Court found that Staples freely, voluntarily, and intelligently plead guilty to the charges and entered into the plea agreement. (Plea Tr. 10.)

Staples also filed pro se objections and amended pro se objections to the presentence report on September 6, and September 12, 2005, respectively. The coherency of those objections demonstrates Staples's understanding of the nature and consequences of the proceedings against him and his ability to assist properly in his defense.

Again, at the October 6, 2005, sentencing hearing, Staples raised precise and comprehensible objections. (Sentencing Tr. 3-7.) Staples availed himself of his right to allocution and communicated his perspective on several matters. (Sentencing Tr. 26-27.)

Following the Court's imposition of the sentence, defense counsel requested that the Court recommend that Staples be evaluated for placement in a medical facility because Staples had sustained injuries in a motorcycle accident and he informed her that some of his medical needs; specifically, continuing pain, had not been met while he was in jail. (Sentencing Tr. 32.) Expanding on defense counsel's request, the Court requested a broader

Case 2:07-cv-00383-RTR   Filed 07/14/08   Page 15 of 21   Document 16

and more comprehensive assessment noting that, according to Staples, members of his family had tried to get him placed in a psychiatric facility.

Viewed in the context of the entire case, the Court's request that the Bureau of Prisons examine Staples's mental, emotional, and physical maladies, reflected the Court's concern that those maladies which "stretch back to the time [Staples] was in the Marine Corps," should be properly evaluated and, if appropriate, treated. (Sentencing Tr. 33.) Staples attributes implications to the Court's request which lack support in the record. Staples has not demonstrated that defense counsel performed deficiently because she did not object to the sentence and request a postponement or stay of the sentence, after the Court stated that it would request that the Bureau of Prisons conduct a mental, emotional, and physical evaluation of Staples. Therefore, Staples has not established the first *Strickland* prong and this factual contention does not contribute to Staples's ineffective assistance of counsel claim. *See Strickland*, 466 U.S. at 689-90.

*Criminal History Points*

Staples also maintains that trial counsel was ineffective because she did not object to the Court assigning five more criminal history points than necessary. Staples does not identify the five criminal history points to which he believes defense counsel should have lodged an objection.

While the submissions of parties proceeding pro se are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is not the role of this Court to construct arguments on behalf of a party, *see Tyler v. Runyon*, 70 F.3d 458, 466 (7th Cir. 1995), nor is

the Court obligated to scour the record in search of facts or evidence to support the litigants' positions, *see Hunt-Golliday v. Metro. Water Reclamation Dist.*, 104 F.3d 1004, 1010 & n. 2 (7th Cir. 1997). *See also United States v. Jones*, 224 F.3d 621, 626 (7th Cir. 2000) (Arguments that are not adequately developed or supported are waived, and a court need not consider them).

Staples's argument may stem from the appellate court's statement that "[t]he district court assigned Staples five more points than necessary to place him in the highest criminal history category, *see* U.S.S.G. Ch. 5, Pt. A, so only his arguments about the nine points he received for the convictions in the 1970s could reduce his guidelines imprisonment range." *Staples*, No. 05-4037, 2007 WL 1140286, *2. The appeals court's statement is not indicative of an error by this Court. The appellate court was indicating the number of points that could have made a difference in Staples's sentence.

Furthermore, defense counsel objected to the inclusion of three criminal history points under U.S.S.G. § 4A1.1(a) and (b). (Def.'s Objections to Presentence Report at 2.) She also adopted Staples's pro se objections which included that type of objection. (Def.'s Reply to Gov.'s Resp. 1; Sentencing Tr. 8.) Additionally, on direct appeal, the court of appeals rejected contentions raised by Staples that this Court made several mistakes in calculating his criminal history score. *Staples*, No. 05-4037, 2007 WL 1140286, *2.

In light of the foregoing, Staples has failed to establish that defense counsel fell short of professional standards for representation by not objecting to this Court's assignment of five more criminal points than necessary. *See Strickland*, 466 U.S. at 689-90; *Fuller*, 398

F.3d at 651-52.   This alleged shortcoming does not support Staples's ineffective assistance of counsel claim.

*Sentence of 200-Months*

The final component of Staples ineffective assistance of counsel claim is that trial counsel was ineffective because she did not object to the Court imposing a 200-month sentence, which was 20 months longer than the sentence recommended by the government.

The sentencing hearing transcript discloses that the prosecution requested that the Court impose the minimum sentence of 180 months. (Sentencing Tr. 19.) Defense counsel also requested that the Court impose no more than the mandatory minimum.  (Sentencing Tr. 25.)  In support of that request, defense counsel argued that Staples's sentence was being enhanced by offenses for which he had already been punished in the 1970's, he was 50, had some health concerns, and he had substantial support from his family, including a former sister-in-law who was willing to post bail for him.  (Sentencing Tr. 24-25.)  She also requested that the Court consider all the factors set forth in 18 U.S.C. § 3553(a).  (Sentencing Tr. 25.) In addition, counsel pointed out that the felon in possession of firearms violation was a status offense and that Staples was not charged with using firearms to hurt or rob or rape anyone. (Sentencing Tr. 25.)  Counsel also maintained that the fraud, while extensive and while not involving a minimal amount of  money, did not "speak to a large amount of money" for which a person should spend the rest of their life in prison, which was what the sentence meant in practical terms for Staples.  (Sentencing Tr. 25.)

In imposing the 200-month sentence, the Court observed that such sentence was neither the minimum nor the maximum that it could impose and explained the concerns underlying its sentence determination. (Sentencing Tr. 30.) With respect to the relevant factors under 18 U.S.C. § 3553(a), the Court noted that Staples's personality traits were a "mixed bag." (Sentencing Tr. 27.) The Court also indicated that the wire fraud charge was a continuing offense which occurred over a long period of time from 1994 through 2005, and was a continuing deception upon the community and the Social Security Administration. (Sentencing Tr. 27-28.)

The Court noted that additional illegal activity was occurring at that time, citing that Staples had at least three shotguns, a rifle, and another weapon at the premises where 28.6 grams of crack cocaine were also found. (Sentencing Tr. 28.) The Court further stated that discovery of the crack cocaine had occurred less than three years after Staples's discharge from the 1999 arrest for possession of a controlled substance with intent to deliver. (Sentencing Tr. 28.) The Court expressed its concern that Staples was engaging in "a pattern of criminal activity perpetrated behind a facade of legitimacy." (Sentencing Tr. 28.) In addition, the Court noted that Staples had committed traffic offenses in his real name and the assumed Robin Booker name, those traffic offenses were committed over a short time frame, and a disrespect for the law was shown by his driving record. (Sentencing Tr. 29.) The Court also raised the rhetorical question of how, as a convicted felon, Staples was able to obtain the firearms. (Sentencing Tr. 29.)

The Court acknowledged the defense's arguments that the felon in possession of firearms offense is a status offense and that wire fraud is a non-violent offense, but stated it was troubled by the context in which the offenses occurred and the long-continuing wire fraud offense. (Sentencing Tr. 29.) The Court also stated that Staples's conduct was all the more troubling because he experienced a generally happy childhood and had a solid and very supportive family which did not engage in anti-social activities. (Sentencing Tr. 29.)

Having considered the requests of both defense counsel and the government that Staples be sentenced to the mandatory minimum, the Court imposed a higher sentence **and** articulated multiple reasons for imposing a sentence above the minimum. Defense counsel had already argued for the shortest possible guideline sentence to no avail. Counsel was not required to make a futile objection.

Under these circumstances, defense counsel's failure to object to the sentence was not outside the wide-range of professionally competent assistance. *See Strickland*, 466 U.S. at 690. Therefore, this claim fails to establish the first prong of *Strickland* and does not entitle Staples to relief under 28 U.S.C. § 2255. *See Fuller*, 398 F.3d at 651-52. Therefore, this supposed shortcoming does not contribute to Staples's ineffective assistance of counsel claim.

### Conclusion

None of the factual allegations advanced by Staples establish that the representation afforded by trial counsel was deficient. Therefore, his motion for relief under § 2255 is denied and this action is dismissed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Staples's request to amend his motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Docket No. 9) is **DENIED**;

Staples's request for an evidentiary hearing (Docket No. 2) is **DENIED**;

Staples's motion to destroy document (Docket No. 12) is **DENIED**;

Staples's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Docket No. 1) is **DENIED**;

This action is **DISMISSED**; and,

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 14th day of July, 2008.

                              **BY THE COURT**


                              *s/ Rudolph T. Randa*
                              **Hon. Rudolph T. Randa**
                              **Chief Judge**