**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.

**Case No. 07-C-383**
**(Criminal Case No.**
 **05-CR-90)**

**WILLIAM STAPLES also known as**
**ROBIN BOOKER,**

        **Movant.**

## DECISION AND ORDER

This Decision and Order addresses Movant William Staples's ("Staples") motion for reconsideration that was filed on August 4, 2008.[1] The motion, raising four issues, follows this Court's July 14, 2008, issuance of a Decision and Order denying Staples's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence,[2] his requests to amend

---

[1] Staples used the United Postal Service to mail his motion to this Court, not the prison mail system. Thus, Staples has not demonstrated the applicability of the mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988), relating to filing being deemed to have occurred when a pro se prisoner delivers mail to the proper prison authorities for mailing. Furthermore, even if the date of mailing were deemed to be the motion filing date, calculating the time as provided for in Rule 6(a) of the Federal Rules of Civil Procedure, Staples mailed the motion on July 29, 2008, day 11 following the entry of the Court's Decision and Order.

    The government has not filed any response to the motion within the time provided by Civil L.R. 7.1(b) (E.D. Wis.).

[2] Staples's § 2255 motion asserted a claim of ineffective assistance of his court-appointed trial counsel based on his contentions that counsel did not: (1) investigate and obtain evidence that "in all likelihood" Staples's civil rights were restored on his 1976, 1977, and 1979 state convictions; (2) object to the sentence, after the Court indicated that Staples had not undergone a psychiatric evaluation; (3) object to the Court assigning five more criminal history points than necessary; or, (4) object to the Court imposing a 200-month sentence – which was in excess of the government's recommended 180-month sentence.

his 28 U.S.C. § 2255 motion and for an evidentiary hearing, and his motion to destroy documents. Judgment was entered on July 14, 2008.

While Staples's motion is titled a motion for reconsideration, such a motion is not mentioned in the Federal Rules of Civil Procedure. However, the Rules provide for motions pursuant to Rules 59(e) and 60. Because Staples's motion was filed more than ten days after the entry of judgment, it would fall within the ambit of Rule 60 of the Federal Rules of Civil Procedure. However, a Rule 60 motion filed in a § 2255 proceeding requires further consideration.

As explained in *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007):

> Often a prisoner will file a motion under Rule 60(b) of the civil rules, that is, a motion to reconsider a judgment, but the ground of the motion and the relief he seeks will mark the motion as functionally a petition for habeas corpus or a motion under section 2255, because it challenges the legality of his detention and seeks his release. If so, it will be treated as such. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).

Staples raises two contentions in his Rule 60 motion that were not raised in his § 2255 motion. Those contentions are that: (1) at trial, the Court should have conducted a hearing on the aggravating facts to enhance Staples's sentence as a Armed Career Criminal; and, (2) the Court should have informed Staples that it was not going to accept the prosecution's sentencing recommendations and disclosed its rationale for that decision. These two contentions, enumerated as issues two and three of Staples's Rule 60 motion, fall within the scope of § 2255(a) and, in essence, constitute a motion for relief under § 2255. *See id.*

2
Case 2:07-cv-00383-RTR    Filed 10/02/08    Page 2 of 6    Document 19

Therefore, the Court directs the Clerk of Court to open a separate civil § 2255 action with issues two and three as set forth in Staples's Rule 60 motion. Furthermore, that civil action is dismissed for lack of jurisdiction because Staples has not received permission from the court of appeals to commence a second or successive collateral attack. *Id.*

This Court lacks jurisdiction to entertain any further collateral proceedings unless the court of appeals first grants permission under § 2244 and § 2255(h).[3] *See id.* If Staples intends to seek permission from the court of appeals to file a successive petition, he should be aware that 7th Cir. R. 22.2 sets forth the requirements for such petitions. The text of the Rule is appended to this Decision and Order.

Staples raises two other issues in his Rule 60 motion – enumerated as issues one and four. He contends that counsel was ineffective in her investigation of the restoration of his right to bear firearms. Staples also maintains that the Court scoured the records in behalf of the prosecution regarding the date of the discharge certificates.

Rule 60(b) contains five clauses setting forth specific grounds for relief as well as a final catch-all clause in Rule 60(b)(6). *See Wesco Prod. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989). The contentions raised by Staples do not fall within the first five enumerated categories for relief under Rule 60(b). Rule 60(b)(6) remains. The role of Rule (b)(6) is to allow judgments to be set aside, without limitation of time, when the circumstances of its invocation are "extraordinary." *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 342 (7th Cir 2004); *See also Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 554 (7th Cir. 1996).

---

[3]Paragraph (h) of § 2255 was the former undesignated paragraph eight.

Having carefully considered Staples' arguments regarding issues one and four of his Rule 60 motion, the Court concludes that Staples has not established extraordinary circumstances for relief under Rule 60(b). Issue one reformulates Staples's prior arguments. Issue four merely expresses disagreement with the Court's approach to analyzing whether Staples's contentions regarding proffered discharge certificates. Therefore, issues one and four of Staples's Rule 60 motion are denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. The Clerk of Court is **DIRECTED** to open a separate civil § 2255 action with issues two and three as set forth in Staples's Rule 60 motion (Docket No 18).

2. The successive § 2255 action is **DISMISSED** for lack of jurisdiction. Issues one and four of Staples's Rule 60 motion (Docket No. 18) are **DENIED**.

Dated at Milwaukee, Wisconsin this 2nd day of October, 2008.

                                                      **BY THE COURT**

                                                      *s/ Rudolph T. Randa*
                                                      **Hon. Rudolph T. Randa**
                                                      **Chief Judge**

Circuit Rule 22.2. Successive Petitions for Collateral Review

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims have been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, ling and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 10 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.